## DEARMAN v. MARSHALL.

(Supreme Court, Appellate Division, Second Department. November 20, 1903.)

1. TRIAL—DIRECTION OF VERDICT—MOTION BY BOTH PARTIES—EFFECT.
    Where both plaintiff and defendant moved for the direction of a verdict, the questions of fact and the credibility of witnesses are left to the determination of the court, whose decision thereon is conclusive on appeal.

2. DOCUMENTARY EVIDENCE—RECEPTION—TIME FOR OBJECTION.
    Where, after service of notice on one party to produce a written instrument, which he refused to do, the other party offers a copy in evidence, which is objected to merely because the document concerns a different transaction, it is too late, after this objection is overruled and the copy received, to object that it was not proved to be a copy.

3. MOTION FOR DIRECTED VERDICT—EXCEPTION TO DIRECTION—RIGHT TO GO TO JURY—WAIVER.
    Where both plaintiff and defendant moved for a directed verdict, and on the direction of a verdict for plaintiff, defendant merely excepted to the direction, and did not ask to go to the jury, he cannot, on appeal, urge that the evidence presented a jury question on a certain issue.

Appeal from Trial Term.

Action by Sarah Dearman, as executrix of and under the last will and testament of David C. Dearman, deceased, against Stephen S. Marshall. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Charles A. Dryer, for appellant.
Albert F. Gescheidt, Jr., for respondent.

WOODWARD, J. The complaint in this action alleges that the plaintiff's testator owned and held a first mortgage of $6,500 on certain land in Westchester county, and that the defendant, as attorney

for the said testator, caused the premises covered by said mortgage to be sold under foreclosure; that he bid in the property at the foreclosure sale, subsequently assigning his bid to his wife, Hannah J. A. Marshall; that the referee deeded the premises to her; that the premises were sold for $5,000, and that the defendant received from the referee $4,606.40, and gave his receipt therefor, this being the purchase price after the deduction of his costs in foreclosure; that he has kept said sum of $4,606.40, and that this amount is due, with interest, to the plaintiff, as executrix, etc. The answer admits the foreclosure, and that the title to the property was taken in the name of his wife, but denies knowledge or information as to the remaining allegations of the complaint, and alleges as a further defense certain matters in relation to the foreclosure of another mortgage, which do not appear to have any particular bearing upon this case. Upon the trial of the action, at the close of the evidence both parties moved for the direction of a verdict, and the learned justice presiding directed a verdict in favor of the plaintiff. The defendant appeals to this court.

The defendant concedes an indebtedness to the plaintiff, as executrix, to the amount of $1,200 or $1,300, growing out of the transactions set out in the complaint or in the answer, but urges that a considerable part of the money realized upon the sale of the properties was expended by direction of plaintiff's testator upon certain properties; but the evidence upon this proposition is not at all satisfactory. The defendant, in common with the plaintiff, moved for the direction of a verdict, and the questions of fact and the credibility of witnesses were thus left to the determination of the court, and must be conclusive here.

One of the grounds for reversal now urged is that an alleged copy of a proposition made to plaintiff's testator by the defendant was read in evidence under the objection of defendant's counsel. The plaintiff had served notice upon the defendant to produce the original of this proposition. This the defendant's counsel refused, and objected to its introduction upon the ground that it was made in a different transaction. The plaintiff then offered in evidence a copy of the paper, which was received and read. No other objection was urged at the time, but subsequently it was suggested that it was not proved to be a copy of the proposition, but the trial court properly held that it was then in evidence, and refused to strike it out. There was a conflict of evidence as to whether the defendant had signed the original paper, and defendant now urges that this presented a question for the jury. The trouble with this is that it comes too late. He moved for the direction of a verdict, and when the court had directed a verdict on the motion of the plaintiff he merely excepted to the direction, but did not ask to go to the jury upon this or any other question; and to the extent that the question was material it must be deemed to have been determined by the court as conclusively as though passed upon by the jury.

The judgment and order appealed from should be affirmed, with costs. All concur.